UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60249-DSL

UNITED STATES OF AMERICA,

v.

CHELSEA MICHELLE ANN COX,

     Defendant.

_____/

## MOTION TO COMPEL PRODUCTION OF DISCOVERY MATERIALS
## IN SUPPORT OF A SELECTIVE PROSECUTION CLAIM

COMES NOW the Defendant, Chelsea Michelle Ann Cox, by and through her undersigned counsel, and hereby moves this Honorable Court for an Order compelling the government to provide her with the following documentary evidence and information, so that Ms. Cox may attempt to provide further justification for the sanction of dismissal:

1.     Any and all statistical information in the government's possession, custody or control regarding all individuals investigated and/or arrested and/or prosecuted in the United States for the offense described in 18 U.S.C. § 611 as voting by alien during the time period 2017 to present, the racial and ethnic identity of those individuals and whether the government ultimately charged such individuals or whether it declined prosecution in each case.

2.     Any and all statistical information in the government's possession, custody or control regarding all individuals investigated and/or arrested and /or prosecuted in the Southern District of Florida for the offense  described in 18 U.S.C. § 611 as voting by alien during the time period 2017 to present, the racial identity of those individuals and whether the government charged such individuals or whether the government declined prosecution in each case.

3.      Any and all statistical information in the government's possession, custody or control regarding all individuals investigated, arrested and/or prosecuted in the Southern District of Florida during the time period 2017 to present as a result of federal, joint local and federal, or local law enforcement investigations, for offenses described in 18 U.S.C.§ 611 as voting by alien and the racial identity of those individuals and whether any such individuals were ultimately charged or whether the government declined prosecution in each case.

4.      Any and all manuals, handbooks, pamphlets, memoranda and other documents from 2017 to present containing information regarding the policies or practices of the Department of Justice, the United States Attorney's Office for the Southern District of Florida, all federal law enforcement and/or investigative agencies and all law enforcement and prosecutorial agencies within the Southern District of Florida concerning the prosecution of individuals for offenses by persons believed to be ineligible to vote.

5.      Any and all statistical information in the government's possession, custody, or control concerning the race, geographic location of residents, social class, income level, or other demographic information regarding individuals who voted in the state of Florida from 2017 to the present.

6.      Any and all memoranda or other documents containing information regarding all persons investigated and/or arrested in connection with any federal or joint task force investigation in the Southern District of Florida for any election related crime, who have been rejected for federal prosecution and the racial identity of those persons, and the same information regarding persons rejected for state prosecution for the period from 2017 to present.

7.      Any manuals, handbooks, pamphlets, or other documents containing information regarding the policies or practices of the United States Department of Justice and the United

2

States Attorney's Office for the Southern District of Florida, all federal law enforcement and/or investigative agencies and all law enforcement and prosecutorial agencies within the Southern District of Florida, with respect to the prosecution of individuals for offenses involving election related crimes, including, but not limited to, those documents which discuss when such cases will be accepted or referred for federal prosecution and when such cases will be accepted or referred to the state authorities for prosecution for the period 2017 to present.

8.     A list of all standards, policies, practices, or criteria employed by either the U.S. Attorney's Office, Southern District of Florida and/or the U.S. Department of Justice, or both, as well by any agencies that participated in any way in the investigation and/or prosecution of this case, to guard against the influence of racial, political, or other arbitrary or invidious factors in the selection of cases and defendants for prosecution.

## MEMORANDUM OF LAW

### I.     INTRODUCTION

On October 28, 2025, Ms. Cox appeared for an initial appearance having been charged with the misdemeanor offense of voting by alien in violation of 18 U.S.C. § 611. The (five year) statute of limitations for that charge would have expired the following day. This was within a week of the November, 2025 election in Florida. Ms. Cox is a black woman who has resided in the United States for over 30 years. Until her recent renal illness which required her to be on dialysis for a year and to receive a kidney transplant in August, 2025, for which she receives continuous medical care to prevent organ rejection, she had been duly employed for most of her years in the United States and has supported her extended family. Because her organ transplant requires near constant medical care, she has been unable to safely return to work.

3

On December 4, 2025, the magistrate judge entered a Standard Discovery Order (Dkt. 11). That order requires production of evidence to be used at trial. This motion seeks production of evidence for use in a claim of selective prosecution.

## II.   ARGUMENT

**A.   A COURT HAS DISCRETION TO ORDER DISCOVERY IN SUPPORT OF A SELECTIVE PROSECUTION CLAIM IF A DEFENDANT ESTABLISHES A "COLORABLE BASIS" THAT (1) OTHERS SIMILARLY SITUATED HAVE NOT BEEN PROSECUTED, AND, (2) THE PROSECUTION IS BASED ON AN IMPERMISSIBLE MOTIVE.**

The affirmative defense of selective prosecution requires proof that others similarly situated have not been prosecuted and that a defendant's prosecution resulted from "intentional and purposeful discrimination." It must be shown that the prosecution was premised upon an impermissible classification such as, among others, race or the desire to exercise a constitutional right (in this case, voting). J. Lawless, PROSECUTORIAL MISCONDUCT,

§ 3.27 *Prosecution based on "invidious discrimination" or "bad faith"* (3d Ed. 2003),  To warrant discovery for information to support a selective prosecution claim, a defendant need only show that there is a "colorable basis" for believing that (1) "others similarly situated have not been prosecuted" and (2) "the prosecution is based upon an impermissible motive".

*See, United States v. Gordon*, 817 F.2d 1538, 1539 (11th Cir. 1988), *Bourgeois*, 964 F.2d at 938 (quoting United States v. *Wayte*, 710 F.2d 1385, 1387 (9th Cir. 1983), aff'd, 470 U.S. 598 (1985)).

The Eleventh Circuit has defined the term "colorable basis"  as one based on "sufficient facts 'to take the question past the frivolous state and raise[s] a reasonable doubt as to the prosecutor's purpose.'" *Gordon*, 817 F.2d at 1540. To be entitled to discovery of evidence in support a selective prosecution claim, a defendant must meet the threshold requirements of *United States v. Armstrong*, 517 U.S. 456 (1996). Those requirements provide that a defendant must provide some evidence tending to show the existence of the two essential elements referred to above -

discriminatory effect and discriminatory intent -before a court will order the government to produce records. *Id.* This standard has often been described as a "Catch 22," -- selective prosecution claimants "cannot even get discovery without evidence, and one can rarely get evidence which will satisfy a court without discovery." Gabriel J. Chin, RACE, THE WAR ON DRUGS, AND THE COLLATERAL CONSEQUENCES OF CRIMINAL CONVICTION, 6 JOURNAL OF GENDER RACE & JUSTICE 253, 267 (2002); Kristen E. Kruse, Comment, PROVING DISCRIMINATORY INTENT IN SELECTIVE PROSECUTION CHALLENGES - AN ALTERNATIVE APPROACH TO *UNITED STATES V. ARMSTRONG*, 58 SMU L. REV. 1523, 1534 (2005). While the discovery standard applicable to selective prosecution claims in federal court is rigorous, as noted above, it is "less stringent" than that required to prove a selective prosecution claim on the merits. *United States v. James*, 257 F.3d 1173, 1178 (10th Cir. 2001)("defendants need not establish a *prima facie* case of selective prosecution to obtain discovery on these issues.").

In our system of justice, the government retains broad discretion as to whom to prosecute for violations of criminal law; however, that discretion is not unfettered. *Wayte v. United States*, 470 U.S. 598, 608 (1985). Prosecutorial decisions must not be based upon an unjustifiable standard, such as race, religious beliefs, or other arbitrary classifications. *Wayte*, 470 U.S. at 608-609. Over a century ago, the Supreme Court recognized that the application of criminal laws "with an evil eye and an unequal hand" denies defendants equal protection. *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886), quoted in *United States v. Bourgeois*, 964 F.2d 935, 938 (9th Cir. 1992).

The evaluation of a selective prosecution claim necessarily involves three thresholds, which a defendant may be required to cross only one at a time. The first threshold –the lowest standard of proof - is for discovery. The second threshold is for an initial evaluation by the court of the ultimate claim of selective prosecution, to wit, an inquiry into whether the defendant has

established a *prima facie* case. The third threshold is for the ultimate decision which the court must make after an evidentiary hearing with government rebuttal -- whether the government has in fact discriminated in the selection of defendants for prosecution. Each threshold requires a successively stronger showing of likely discrimination, and, conversely, each preceding threshold requires a lesser showing. The standard for an ultimate finding of selective prosecution is higher than that for proving a *prima facie* case. *See, United States v. Redondo-Lemos*, 955 F.2d 1296, 1302 (9th Cir. 1992). The standard for proving a *prima facie* case is in turn higher than that required to justify further discovery. *See, Bourgeois*. 964 F.2d at 939.

In this case, there is a good faith, colorable basis for the defense's seeking further evidence of the discriminatory elements described above. In this regard, the defense has reviewed whatever statistical data is available to the general public, including those published by the United States Sentencing Commission, and is prepared to present that evidence at a hearing on this motion, if the Court deems it appropriate. There is, however, no official data specifying a racial breakdown for prosecutions under 18 U.S.C § 611 available to the general public because that specific statute is used so infrequently.[1] For that reason, the statute is not typically categorized as its own demographic category in standard Department of Justice or FBI reports. Because 18 U.S.C. § 611 applies exclusively to non-citizens, the primary demographic factor tracked is citizenship status, rather than race. Federal data bases such as the Bureau of Justice Statistics (BJS) and TRAC generally categorize these cases under "Immigration" or "Election Fraud," where the total volume of cases does not support a granular racial percentage for the specific subsection.

---

[1]  In 2017, the Brennan Center conducted a study of 42 jurisdictions consisting of 23.5 million voters and discovered that only 30 incidents of noncitizen voting were referred for investigation or prosecution – approximately 0.0001 of the vote count. Keith, Douglas; Perez, Myrna; Farmighetti, Christopher, NONCITIZEN VOTING: THE MISSING MILLIONS, https://www.brennancenter.org/our-work/research-reports/noncitizen-voting-missing-millions.

In the category of Immigration Offenses, although Black immigrants commit crime at similar rates to other immigrant populations, they are significantly more likely to be detained and deported on criminal grounds. While only 7% of U.S. immigrants are Black, they make up 20% of those facing deportation based on a criminal conviction. This is in part due to racial profiling in American policing. Black people in the United States are arrested at 2.5 times the rate of Whites, despite similar criminal activity rates. Once immigrants are entangled in the criminal justice system, they are often flagged by ICE as well. This process creates a "jail to ICE detention to deportation" pipeline that disproportionately targets Black immigrants. Racist policing therefore contributes to racism in the immigration system. POLICY AND ADVOCACY REPORT, 5.10.21, Vol. 4, Issue No. 15, May 2021.

In the category of Election Fraud, the statistics are even less available to the general public. While the Department of Justice has increased its focus on voter fraud since 2025, it does not typically release a real-time racial breakdown of their specific prosecutions. In at least one jurisdiction that does, the evidence was found to be overwhelming that race played a part in targeting individuals of color for such offenses. In a 2021 analysis of cases brought by the Texas Attorney General's "Election Integrity Unit" it was found that at least 72% of those prosecutions were brought against blacks and Latinos. https://www.aclutx.org/press-releases/voters-color-appear-be-most-frequent-targets-attorney-general-ken-paxtons-election.

**B.   THERE IS SUFFICIENT EVIDENCE FOR THE COURT TO EXERCISE ITS DISCRETION AND FIND A "COLORABLE BASIS" THAT OTHERS SIMILARLY SITUATED HAVE NOT BEEN PROSECUTED AND THAT THE PROSECUTION IS BASED ON AN IMPERMISSIBLE MOTIVE**

*1.  The Court's Discretion*

The Ninth Circuit recognized in *Bourgeois* that a district court order of discovery for a selective prosecution claim is not subject to de novo review but is subject to review only for abuse of discretion. *See, Bourgeois*, 964 F.2d at 937. Thus, this Court has broad discretion in deciding whether to find a "colorable basis" and whether to order discovery in this context. Indeed, though the defense does not believe it necessary in the present case, this Court may go beyond the evidence presented by the defense in deciding how to exercise its discretion. It may also consider any "suspicion of unconstitutional conduct on the basis of its own day-to-day observations." *Redondo-Lemos*, 955 F.2d at 1296, 1303.

### 2. *Evidence of Non-Prosecution of Similarly Situated Defendants and Impermissible Motive*

While it is difficult enough to develop evidence from data bases which are not readily available to the defense, it is virtually impossible for the defense to develop evidence that similarly situated individuals - not a member of Ms. Cox's racial class - were not prosecuted without the government's disclosure of such information. On information and belief, this type of evidence is uniquely and readily available to the government as, only it's prosecutors and agents are in a position to know what matters have come to their attention and, for whatever reason, have not been pursued for prosecution.

For these reasons, it is essential that the defense have access to the statistical evidence uniquely in the possession of the government to adequately be able to pursue it's claim of selective prosecution.

WHEREFORE, the undersigned respectfully requests that this motion be granted.

Respectfully submitted,

**BRUCE L. UDOLF, P.A.**#
Bruce L. Udolf Esq. #
599 SW 2nd Ave
Fort Lauderdale, FL 33301-2808
Florida Bar No. 0899933
Tel: (954) 415-2260
 E-mail: budolf@bruceudolf.com

By: /s/ Bruce Udolf

*Counsel for Defendant Cox*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed electronically

via CM/ECF and served electronically to all counsel of record this 29th day of March, 2026.

By: Bruce Udolf

9