UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60249-DSL

UNITED STATES OF AMERICA,

   *Plaintiff*,

 v.

CHELSEA MICHELLE ANN COX,

   *Defendant*.

_____/

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS BASED ON UNCONSTITUTIONALITY OF 18 U.S.C. § 611

COMES NOW Defendant Chelsea Michelle Ann Cox, by and through undersigned counsel, and files this reply in support of the defense's motion to dismiss the information.

## I. THE DECISION IN *KNIGHT* DOES NOT CONTROL.

The government argues that the Eleventh Circuit upheld the constitutionality of § 611 in *United States v. Knight*, 490 F.3d 1268, 1272 (11th Cir. 2007), but *Knight* does not control the issue Cox has raised. That decision rejected a *due process* challenge to the statute and did not consider, let alone resolve, the claim raised by this motion: that Congress's enumerated powers do not authorize the statute.

In *Knight*, the defendant argued that "§ 611 violate[d] his constitutional right to due process because it is both overbroad and impermissibly vague." *Id.* at 1270. Specifically, he contended "that it criminalizes two innocent acts, being an alien and voting, excluding any attendant *mens rea*." *Id.* By its plain terms, *Knight* was only a due

process case and merely held that the statute is not overly broad or impermissibly vague in violation of the Fifth Amendment right to due process. That does not speak to the issue here: whether § 611 is authorized by one of Congress's powers.

Nor is that issue implicit in *Knight*'s holding. It is well-settled that in "criminal cases, in the first instance and on appeal," courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). In keeping with the party presentation principle, courts do not reach issues (especially issues of constitutional magnitude) that the parties did not raise. Because the appellant in *Knight* did not raise the enumerated power issue raised here, and because the *Knight* Court did not pass on it, *Knight* is irrelevant to Cox's motion. Simply put, this is an issue of first impression and there is no contrary or controlling authority from the Eleventh Circuit.

## II.     SECTION 611 DOES NOT REGULATE VOTER FRAUD.

On the merits, the government argues that § 611 is justified by Congress's power to regulate voter fraud. But the problem with this argument is that § 611 is not a voter fraud statute; it's a voter qualification statute. And the text of the Constitution, the relevant historical evidence, and the applicable Supreme Court precedent make clear that establishing voter qualifications is a power that lies solely with the States.

As a starting point, it is undoubtedly true that Congress, through the Elections Clause, can regulate voter fraud. That point was recognized by the Supreme Court almost a century ago. In *Smiley v. Holm,* the Court explained that the Elections Clause gives Congress the "authority to provide a complete code for congressional elections, not only

as to times and places, but in relation to notices, registration, supervision of voting, protection of voters, *prevention of fraud and corrupt practices*, counting of votes, duties of inspectors and canvassers, and making and publication of election returns." 285 U.S. 355, 366 (1932) (emphasis added). Thus, any statute targeting voter fraud is within Congress's enumerated powers. To give an example relevant here, 18 U.S.C. § 1015(f) criminalizes "knowingly mak[ing] any false statement or claim that" the person "is a citizen of the United States in order to register to vote or to vote in any" election. Unlike § 611, that statute is clearly a voter fraud statute: it punishes false representations made in the course of voting, and is, thus, within the ambit of the Elections Clause.

But that is not what § 611 does. It does not target voter fraud; it bans an entire class of people from voting, *regardless of whether the State in which they voted prohibits noncitizen voting*. If Florida legalized noncitizen voting tomorrow, § 611 would *still* criminalize and prohibit noncitizens from voting. It is a substantive voter qualification, plain and simple, and the Supreme Court has spoken unequivocally: "[p]rescribing voting qualifications 'forms no part of the power to be conferred upon the national government' by the Elections Clause, which is 'expressly restricted to the regulation of the times, the places, and the manner of elections.'" *Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1, 17 (2013) (quoting The Federalist No. 60, at 371 (A. Hamilton)).

## III. *MITCHELL* IS NOT A PRECEDENTIAL OPINION, AND CONGRESS CANNOT SET VOTER QUALIFICATIONS.

The government tellingly makes no mention of *Inter Tribal* and instead relies on *Oregon v. Mitchell*, 400 U.S. 112 (1970), claiming that *Mitchell* "remains good law." Gov't's

Response at 5 (Dkt. 32). Yet, contrary to that claim, as the Supreme Court stressed in *Inter Tribal*, and as Ms. Cox noted in her underlying motion, there is no precedential opinion in *Mitchell* that commands the force of law. In *Inter Tribal*, the Court pointed out that "[f]ive Justices [in *Mitchell*] took the position that the Elections Clause did *not* confer upon Congress the power to regulate voter qualifications in federal elections" and, of the five Justices concurring in the outcome of that case, only one, Justice Black, was of the view that congressional power to prescribe the limited 18-year-old age qualification to vote at issue there derived from the Election Clause. The Court, therefore, found that the *Mitchell* case "lacked a majority rationale," and "is of minimal precedential value, ." 570 U.S. at 16, n.8. (cits. omitted). Accordingly, the government's reliance on *Mitchell* is misplaced.

The defense's underlying motion has provided the Court with the textual, structural, and historical reasons why the Elections Clause does not authorize Congress to establish voter qualifications, and the defense will not repeat those points verbatim here. Nevertheless, it's worth briefly delving deeper into the relevant Founding-era commentary and Convention debates leading to the original Voter Qualification Clause. *See U.S. Term Limits, Inc., v. Thornton*, 514 U.S. 779, 806 (1995) (looking to the "relevant historical materials," including the Convention debates, to interpret the Constitution's meaning). And that evidence buttresses the original meaning of the Constitution's text and structure: the Framers gave Congress no role in setting voter qualifications.

The Framer's original intent for Article I's Voter Qualifications Clause is best illustrated by the debate over Gouverneur Morris's proposed amendment to the draft Voter Qualification Clause. During the Constitutional Convention, he proposed deleting

4

the language requiring that federal voter qualifications be linked to state voter qualifications and replacing it with language allowing Congress to create its own qualifications. 2 *The Records of the Federal Convention of 1787*, 201 (Farrand 1911).[1] He feared making federal voter qualifications "depend on the will of the states." *Id.*

In the face of this attempt to put voter qualifications in Congress's hands, Oliver Ellsworth retorted that "[t]he states are the best Judges of the circumstances and temper of their own people." *Id.* That sentiment was echoed by James Madison, Benjamin Franklin, and Pierce Butler, who maintained that the Constitution should give only the States the power to disenfranchise. *Id.* at 202–05. In Madison's words "the right of suffrage is certainly one of the fundamental articles of republican Government and ought not to be left to be regulated by the [federal] Legislature." *Id.* at 203. The anti-federalist position carried the day, and Morris's proposal was handily defeated. *Id.* at 206.

Beyond the Convention debate, other evidence confirms that the Framers crafted the original Voter Qualifications Clause to affirmatively restrain federal power. Specifically, Alexander Hamilton wrote in the Federalist Papers that voter qualifications in federal elections are "defined and fixed in the Constitution," and "*unalterable* by the [federal] legislature." The Federalist No. 60 (Alexander Hamilton) (emphasis add). That further undermines the government's assertion that Congress can set voter qualifications.

---

[1] The *Records* are available through the Library of Congress at https://tinyurl.com/3xxh2vbn.

In short, those absolute expressions from the Founders as to Congress's powerlessness in this sphere confirms the point: the Voter Qualification Clauses carve out an element of state sovereignty that Congress may not displace.

## IV.   CONCLUSION.

Neither *Mitchell* nor *Knight* control this motion; § 611 is not a voter fraud statute; and Congress cannot affirmatively establish voter qualifications. That is a power the Framers wisely entrusted solely to the States to safeguard their sovereignty. Because § 611 is justified by no enumerated power, dismissal must follow.

Respectfully submitted,

BRUCE L. UDOLF, P.A.
*Attorneys for the Defendant*

*/s/ Bruce L. Udolf*

599 SW Second Avenue
Fort Lauderdale, FL 33301
Tel: 954-415-2260
budolf@bruceudolf.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this Reply was served on all counsel of record or pro se parties via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case, on this 29th day of April, 2026.

*/s/ Bruce L. Udolf*
BRUCE L. UDOLF, ESQ.