**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-60249-LEIBOWITZ**

**UNITED STATES OF AMERICA**

**v.**

**CHELSEA MICHELLE ANN COX,**

    **Defendant.**

_____/

**UNITED STATES OF AMERICA'S SUPPLEMENTAL BRIEF RE:**
**CONGRESSIONAL AUTHORITY**

The United States of America respectfully submits this Supplemental Brief Re: Congressional Authority, as Ordered by the Court. *See* ECF No. 35.

PROCEDURAL BACKGROUND

On October 22, 2025, the United States charged Defendant Chelsea Michelle Ann Cox ("Cox"), via Information, with one count of Voting by Alien, in violation of 18 U.S.C. § 611. ECF No. 1.

At a status conference on May 15, 2026, this Court ordered the parties to file a supplemental brief by June 30, 2026, regarding the following:

(1) A bill of particulars re: the government's theory of prosecution and proof requirement regarding 18 U.S.C. § 611(a), and explanation of whether the exclusionary factors in § 611(a)(1)–(3) are an element of the offense required to be proved by the United States or an affirmative defense;

(2) Whether Cox has a right to a jury trial for the charged, misdemeanor offense;

(3) Whether there are any appellate or district court cases that involve Elections Clause challenges to 18 U.S.C. § 611; and

(4) Whether anyone has ever been convicted of 18 U.S.C. § 611(a).

ECF No. 35.

## RESPONSE

**(1)     Bill of Particulars and Proof Requirement**

First, the United States filed a separate Bill of Particulars in this matter. ECF No. 41.

Second, § 611(a)(1)-(3) are elements that must be proved by the United States based on the

plain language and principals of statutory construction. When interpreting written law, the courts

"'determine the ordinary public meaning' of the provision at issue." *Heyman v. Cooper*, 31 F.4th

1315, 1319 (11th Cir. 2022) (quoting *Bostock v. Clayton County*, 590 U.S. 644, 654 (2020)). "The

canons of construction often play a prominent role in that endeavor, serving as useful tools to

discern that ordinary meaning." *Id.* (internal quotation marks omitted). But the canons are not

rules, they are presumptions about the text.  *Id.*

Section 611(a) provides as follows:

It shall be unlawful for any alien to vote in any election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, Member of the Senate, Member of the House of Representatives, Delegate from the District of Columbia, or Resident Commissioner, *unless*—

(1) the election is held partly for some other purpose;
(2) aliens are authorized to vote for such other purpose under a State constitution or statute or a local ordinance; and
(3) voting for such other purpose is conducted independently of voting for a candidate for such Federal offices, in such a manner that an alien has the opportunity to vote for such other purpose, but not an opportunity to vote for a candidate for any one or more of such Federal offices.

18 U.S.C. § 611(a) (emphasis added).

Subsections (1)-(3) read as a "proviso" to the same contextual paragraph it precedes—that

set forth elements of the crime—via the limiting language "unless." *See generally Republic of Iraq*

*v. Beaty*, 556 U.S. 848, 858 (2009) ("It is true that the general office of a proviso is to except

something from the enacting clause, or to qualify and restrain its generality." (quotation omitted)). Furthermore, the limiting factors pertain to information that is not uniquely within the knowledge and control of the defendant and the burden of establishing the facts should rest with the government. *Cf. Smith v. United States*, 568 U.S. 106, 112 (2013) ("Where the facts with regard to an issue lie peculiarly in the knowledge of a party, that party is best situated to bear the burden of proof." (internal quotation omitted); *see also Campbell v. United States*, 365 U.S. 85, 96 (1961) (recognizing in context of Jenks Act dispute that "the ordinary rule, based on considerations of fairness, does not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary."). Conversely, although not applicable in this case, § 611(c) would be interpreted as an affirmative defense because it isa separate subsection of the statute set off from the elements in subsection (a) stating that subsection (a) "does not apply to an alien if," and includes information that is uniquely within the knowledge and control of the defendant, such as, whether each natural parent of the alien is or was a citizen. 18 U.S.C. § 611(c).

Third, the United States' theory of the case is that Cox was a Jamaican national who was an alien with no legal status in the United States. Cox has a Jamaican birth certificate. Cox travelled to the U.S. as a tourist in 1999. Cox never departed the United States upon the expiration of her visa in early 2000. In 2000, Cox used a fraudulent U.S. Virgin Island ("USVI") birth certificate to obtain a Florida Driver License in her name. USVI has no record of birth for Cox. In 2013, Cox renewed her Florida Driver License by presenting the fraudulent USVI birth certificate, a U.S. Social Security card, and a Broward County Florida Voter Information Card indicating she registered to vote in 2012.

Documentation from the Broward Supervisor of Elections shows that Cox submitted a voter registration application on August 31, 2012. When completing her Florida Voter Registration

Application, Cox checked the "Yes" box for the question, "Are you a citizen of the United States of America?"  In the signed registration application, Cox's country of birth is represented as "U.S. Virgin Island," Cox's Florida Driver License number is listed, and Cox's address in Lauderhill, Florida, is listed.

Cox's voter history shows she voted in the general elections in November 2012, November 2016, November 2018, and November 2020. Regarding the 2020 general election, Cox proceeded to vote early on October 29, 2020, for the general election held on November 3, 2020.

The general election in 2020 was held to elect individuals for Federal office, as well as for other purposes. However, the State of Florida does not permit non-citizens to vote in any elections, whether federal, state, or local. Florida does not allow voting for other purposes in a manner that allows an alien the opportunity to vote for other purposes, but not an opportunity to vote for a candidate for Federal office.

As to the evidence that the § 611(a) exception does not apply, all three prongs of the criteria must be met to permit a non-citizen to vote because they are listed in the conjunctive. *Cf. In re Fitzpatrick,* 26 I. & N. Dec. 559 (BIA), Interim Decision 3835, 2015 WL 2250917 (May 7, 2015) (The respondent, who voted while not a U.S. citizen, asserts that she falls within the exception in § 611(a)(1) because the election in which she voted was "held partly for some other purpose," namely, to elect members of the local school board. However, regardless of whether the respondent meets the criterion of § 611(a)(1), the statute requires that all three criteria of § 611(a) be met. While subsection (1) is satisfied in favor of Cox,[1] subsection (2) is not. Beginning in 1995, aliens were ineligible to register to vote in Florida. *See* Fla. Stat. §§ 97.041, 97.051. Likewise, Florida

---

[1] The 2020 election was held not only to elect a candidate for the office of President, Vice President, and Member of the House of Representatives but also for "other purposes." On the 2020 ballot, the State of Florida had six (6) Constitutional Amendments to be voted upon.[1] Additionally, Broward County, Florida had two ballot questions. Locally, there were additional elections involving local officials.

does not permit non-citizens to vote in any elections. *See* Fla. Stat. § 97.041. *Wood v. U.S. Att'y Gen.*, 853 F. App'x 475 (11th Cir. 2021).

Furthermore, subsection (3) does not apply because Florida does not allow voting for such other purpose that is conducted independently of voting for a candidate for Federal offices, in such a manner that an alien has the opportunity to vote for such other purpose, but not an opportunity to vote for a candidate for any one or more of such Federal offices. *See* Fla. Stat. § 97.041. Thus, the United States can prove that the § 611(a) exception does not apply in this case.

### (2)      Right to Jury Trial

The Sixth Amendment provides that in all criminal prosecutions defendants are entitled to a trial by jury. U.S. Const. amend. VI.  However, this right only applies to "serious" offenses and not to "petty offenses." *See Duncan v. Louisiana*, 391 U.S. 145, 159 (1968). Courts are not permitted to substitute their own judgment for that of congress in determining an offense's severity. *See United States v. Chavez*, 204 F.3d 1305, 1310 (11th Cir. 2000). Accordingly, the offense itself must be examined for severity with the most relevant factor being the maximum penalty authorized. *Id*.  If an offense carries a possible sentence that exceeds six months' imprisonment, then it is considered severe and is a "serious" offense, whereas an offense that carries a possible sentence of six months or less being considered "petty." *See Baldwin v. New York*, 399 U.S. 66, 68–69 (1970).

Pursuant to 18 U.S.C. § 19, a "petty offense" is defined as a class B misdemeanor, Class C misdemeanor, or an infraction, for which the fine is no greater than $5,000. 18 U.S.C. § 19; 18 U.S.C. § 3571(c)(6)-(7). Furthermore, according to § 3559(a), an offense that is not specifically classed by a letter grade in the section defining it, is classified by its maximum term of imprisonment. *Id.* Thus, although § 611 is not classified by letter grade, because its maximum

sentence is up to one year imprisonment, the offense is considered a Class A misdemeanor. Therefore, Cox is entitled to a jury trial if requested.

The Undersigned has conferred with defense counsel regarding this issue, and the defense is stipulating that Cox is entitled to a jury trial.

### (3) Other Similar Cases Related to § 611

This is a case of first impression, i.e., there are no appellate or district court cases addressing an Elections Clause challenge to 18 U.S.C. § 611. Considering the minimal amount of litigation involving § 611, whether the statute "is consistent with the Voter Qualifications Clause and the Seventeenth Amendment," is an issue of first impression. *League of United Latin Am. Citizens v. Exec. Off. of the President*, 818 F. Supp. 3d 34 (D.D.C. 2026), *judgment entered*, No. 25-CV-0946 (CKK), 2026 WL 880056 (D.D.C. Mar. 31, 2026). In 2020, federal prosecutors in North Carolina charged a multitude of cases under § 611, but none went to trial and none were appealed. Thus, these cases fail to provide guidance on the issue.

However, there is already guidance in terms of Congress' power to regulate elections. In *Oregon v. Mitchell*, the Supreme Court held that while Congress had the power to enact the amendments that changed the voting age for federal elections from 21 to 18, Congress could not do the same for state and local elections. *Id.* As Justice Black explained, "Any doubt about the powers of Congress to regulate congressional elections, including the age and other qualifications of the voters, should be dispelled by the opinion of this Court in *Smiley v. Holm,* 285 U.S. 355 (1932)." *Id.*

Likewise, a Supreme Court decision just issued on June 29, 2026, *Watson v. Republican National Committee et al.,* succinctly recognized as follows:

> The Constitution's Elections Clause empowers state legislatures to "prescrib[e]" the "Times, Places and Manner of holding" congressional elections.

> Art. I, §4, cl. 1. Congress may "'override'" most of these choices. *Foster v. Love*, 522 U. S. 67, 69 (1997) (*quoting U. S. Term Limits, Inc. v. Thornton*, 514 U. S. 779, 833 (1995)). By "default," however, "responsibility for the mechanics of congressional elections" belongs to States. *Foster*, 522 U. S., at 69. As Alexander Hamilton put it, the Constitution lodges power over congressional elections in state legislatures "primarily" and in Congress "ultimately." The Federalist No. 59, p. 362 (C. Rossiter ed. 1961).

*Watson v. Republican National Committee*, 609 U.S. ___ (2026).

If the defendant's motion is successful in declaring § 611 unconstitutional,  the ramifications will likely include invalidating the Uniformed and Overseas Citizen Absentee Voting Act which provides the legal basis for these citizens' absentee voting requirements for federal offices. Likewise, in *United States v. Singh*, the defendant challenged Congress' power to prohibit foreign nationals from making contributions *in state and local elections*. 979 F.3d 697, 710 (9th Cir. 2020) The Court held that Congress "was within its power when it acted to protect the country's political processes …" and that "a prohibition on campaign donations and contributions by foreign nationals is necessary and proper to the exercise of the immigration and foreign relations powers." *Id*. at 710. The Court additionally rejected an argument by the defendant that, under *Oregon v. Mitchell*, 400 U.S. 112 (1970), Congress cannot intrude upon state and location elections; however, the Court did not agree, finding *Mitchell* distinguishable because *Mitchell* dealt with "Congress' authority to regulate state elections as they related to *citizens* of the United States." *Id*. (emphasis added).

Currently there are three similar Election Clause challenges to § 611 pending in the Southern District of Florida but none of those challenges have been ruled on. *United States v. Zidor*, No. 26-cr-20129-GAYLES (S.D.F.L. 2026); *United States v. Renaud*, No. 26-cr-20128-BECERRA (S.D.F.L. 2026); and *United States v. Sylvestre*, No. 26-cr-20081-ALTMAN (S.D.F.L. 2026). There are also two additional challenges in the Western District of Wisconsin pending

ruling. *United States v. Tejeda Murillo*, No. 3:26-mj-4 (W.D. Wis. 2026*); United States* v. *Valdez*, No. 3:25-mj-148 (W.D. Wis. 2025).

### (4)    Section 611 Convictions

The Undersigned has been able to find a few dozen criminal matters nationwide wherein an individual was charged and convicted of a violation of 18 U.S.C. § 611(a). *E.g.*, *United States v. Negrete-Toledo*, No. 20-cr-342 (M.D.N.C. 2020); *United States v. Figueredo*, No. 25-cr-80094 (S.D.F.L. 2025); *United States v. Landeros-Mireles*, No. 18-cr-325 (E.D.N.C. 2018). However, as highlighted above, the Undersigned was unable to locate a case at the appellate level dealing with an Election Clause challenge.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: /s/ *Christopher Killoran*
Christopher Killoran
Assistant United States Attorney
Fla. Bar no. 27999
500 East Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Tel: (954) 660-5669
Christopher.Killoran@usdoj.gov