**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-60249-LEIBOWITZ**

**UNITED STATES OF AMERICA**

**v.**

**CHELSEA MICHELLE ANN COX,**

     **Defendant.**

                                   /

**UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF**
**RE: CONGRESSIONAL AUTHORITY**

The United States of America respectfully submits this Reply in support of the Supplemental Brief Re: Congressional Authority, as Ordered by the Court. *See* ECF No. 35.

I.    **There are two independent, yet equally strong bases to sustain 18 USC § 611.**

A.    *18 U.S.C. § 611 is a longstanding, common sense law that finds ample justification in Supreme Court precedent.*

First, there is a straightforward application of *Oregon v. Mitchell*, 400 U.S. 112 (1970). This remains the prevailing Supreme Court case considering Congress's constitutional authority to regulate who may vote in federal elections. While the Court was obviously fractured on the rationale, the judgment of the court was clear and remains binding. "Our judgments today give the Federal Government the power the Framers conferred upon it, that is, the final control of the election of its own officers." *Id.* This holding remains binding Supreme Court precedent, and it is flatly contrary to the arguments Defendant is making here. The Supreme Court has been very clear in stating that it is its "prerogative alone to overrule one of its precedents." *Khan v State Oil*, 522 U.S. 3 (1997).

18 USC § 611 is not the only federal law regulating "who" can vote in federal elections (consistent with the Court's holding in Mitchell). In 1986, Congress passed the Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA) which requires states to accept absentee ballots from both active-duty soldiers stationed abroad as well as American citizens living abroad. Presumably this law would need to be struck down under Defendant's legal theory. Notably, UOCAVA was heavily relied upon by the majority in *Watson v. Republican National Committee et al.* decided just last month by the Supreme Court. *Watson v. Republican National Committee*, 609 U.S. ___ (2026). Admittedly, *Watson* never considered the constitutionality of UOCAVA, but arguably Justice Barrett would not have relied on it if she harbored doubts as to its constitutionality.

B.      *52 U.S.C. § 30121(a) is a federal criminal law based on an accused's alienage without a nexus to immigration process.*

The second basis is based on the Ninth Circuit's opinion in *United States v. Singh* upholding the constitutionality of 52 U.S.C. § 30121(a), which criminalizes campaign contributions by foreign nationals to federal, state, or local campaigns. 979 F.3d 697, 710 (9th Cir. 2020). Contrary to Defendant's assertion on page 14 of his supplemental response that "there is simply no federal criminal law (except § 611) based solely on the accused's alienage without a nexus to the immigration process," 52 U.S.C. § 30121(a) is such a law.

In upholding this law, the Ninth Circuit held that: "Thus, where, as here, Congress has made a judgment on a matter of foreign affairs and national security by barring foreign nationals from contributing to our election processes, it retains a broad power to legislate. The Supreme Court has recognized that 'any policy toward aliens is vitally and intricately interwoven with contemporaneous policies in regard to the conduct of foreign relations, the war power, and the maintenance of a republican form of government.'" *Harisiades v. Shaughnessy*, 342 U.S. 580, 588-

89, 72 S. Ct. 512, 96 L. Ed. 586 (1952).  "A prohibition on campaign donations and contributions by foreign nationals is necessary and proper to the exercise of the immigration and foreign relations powers." *Id.*

*Singh* is not binding here of course but it cannot be reconciled with Defendant's motion. Surely it cannot be the case that Congress has the power to prevent a foreign national from contributing $50 to a local city council race but cannot prevent that same individual from voting in a federal election.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: /s/ *Christopher Killoran*
Christopher Killoran
Assistant United States Attorney
Fla. Bar no. 27999
500 East Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Tel: (954) 660-5669
Christopher.Killoran@usdoj.gov